UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNIS C. WOODS,

        Plaintiff,

v.                                      Case No. 3:20-cv-1358-J-39MCR

LAKE BUTLER RMC, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Dannis C. Woods, an inmate of the Florida penal system, initiated this action by filing a pro se motion for temporary restraining order or preliminary injunction (Doc. 1; Motion). In the motion, Plaintiff, who admittedly is "mentally incompetent," asserts he incurred false disciplinary charges on October 21, 2020, for attempting to establish a personal, sexual relationship with a female staff member. See Motion at 3, 11, 18.[1] He claims that officers are "using [their] own families, boyfriends, [and] husbands" to harm him in prison and on the "city streets" around the institution—the Reception and Medical Center (RMC).[2] Id. at 3. It is unclear what relief

---

[1] The motion itself is just over one page. However, Plaintiff attaches numerous prison documents, including grievances, responses to his grievances, and disciplinary reports. Many of the documents are duplicative.

[2] In light of Plaintiff's allegations, the Clerk immediately issued a "Standing Order" to the Inspector General and the Warden of RMC. See Order

Plaintiff seeks, though he suggests the Court should investigate RMC because he incurred disciplinary charges that were falsified out of revenge. Id.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. Importantly, Plaintiff has not properly initiated a civil rights action

---

(Doc. 2) (notifying the institution of an inmate's claim of imminent physical harm).

by filing a complaint and paying the filing fee.[3] Thus, his motion is facially deficient under the Federal Rules of Civil Procedure and this Court's Local Rules. See Fed. R. Civ. P. 65. See also M.D. Fla. R. 4.05(b)(1)-(4), 4.06 (requiring a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury; describe precisely the conduct sought to be enjoined; and include a supporting memorandum of law).

Additionally, Plaintiff asserts no facts suggesting he faces an imminent threat of harm. Rather, the alleged threats of harm are vague, speculative, and somewhat fantastical. See Siegel, 234 F.3d at 1176. Even if Plaintiff could demonstrate irreparable injury, he fails to demonstrate a likelihood of success on the merits of his underlying claim, principally because his underlying claim, if any, is unclear. To the extent Plaintiff was adjudicated guilty of the disciplinary charges levied against him, he may not pursue a retaliation claim against the officials who filed the charges. See O'Bryant v. Finch, 637 F.3d 1207, 1215 (11th Cir. 2011) ("[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate

---

[3] Plaintiff is a three-strikes litigant, who may not bring a civil rights action in federal court without prepayment of the filing fee, absent allegations showing he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g) ("three strikes" rule); see also Case No. 3:17-cv-706-J-39JBT (identifying Plaintiff as a three-striker who may not proceed as a pauper).

3

was found guilty of the actual behavior underlying that charge after being afforded adequate due process."). And to the extent Plaintiff contends the prison-official-complainant lied about the disciplinary charges that resulted in an adjudication of guilt, this Court may not review the propriety of that adjudication. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983.").

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of December 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Dannis C. Woods